UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARMELL JAWAN STANLEY #12933-040,

    Movant,

v.

    File No. 1:08-CV-173

    HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Respondent.
                                       /

## **O P I N I O N**

This matter comes before the Court on the government's motion to dismiss Movant Carmell Jawan Stanley's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court. (Dkt. No. 6.)

### I.

Movant was indicted on July 12, 2006, for: (1) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and (2) possessing with intent to distribute five or more grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). Movant pleaded guilty pursuant to a written plea agreement in which he agreed to waive the right to challenge his sentence, either on appeal or by collateral attack. Following a plea hearing on October 31, 2006, United States Magistrate Judge Hugh W. Brenneman, Jr., recommended that the Court accept Movant's plea pursuant to the plea agreement. (File No. 1:06-CR-162, Dkt. No. 15.) At Movant's sentencing hearing on February 16, 2007, this

Court indicated that it would convert the $6,273 found in Movant's possession into 62.73 grams of cocaine base, to be added to the 15.7 grams of cocaine base found in Movant's possession, and sentence Movant to 120 months of incarceration as to Count 1 and 135 months of incarceration as to Count 2, to be served concurrently. On February 18, 2007, the Court entered the judgment of sentence. (File No. 1:06-CR-162, Dkt. No. 26, J.). Movant did not file an appeal.

Movant filed his § 2255 motion on February 21, 2008. On March 13, 2008, the government moved to dismiss this motion, claiming both that the motion was filed after the statute of limitations had run and that Movant had knowingly and voluntarily waived his right to collateral attack in his plea agreement. (Dkt. No. 6.)

## II.

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir.

2

1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual prejudice" or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

A court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b).

**III.**

Movant seeks relief based on ineffective assistance of counsel. Movant claims that: (1) counsel failed to object to the pre-sentence report and the conversion of seized funds into drugs; (2) counsel failed to properly explain essential elements of the charge and the evidence required for a conviction; (3) counsel failed to explain the proper range of sentencing exposure; (4) counsel failed to file a sentencing memorandum presenting

3

mitigating factors and arguing for a downward departure from the advisory guideline range; and (5) counsel failed to consult with Movant about filing a direct appeal and the advantages and disadvantages of appeal. (Dkt. Nos. 2, 3.)

**A. Statute of Limitations**

A one-year period of limitations applies to § 2255 motions that begins to run from the latest of, inter alia, the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Although Movant's motion was officially filed on February 21, 2008, the prison mailbox rule considers a motion filed when it is handed to prison authorities. *Houston v. Lack*, 487 U.S. 266, 275 (1988). This mailbox rule applies to § 2255 motions. *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999). In his motion, Movant states: "This 2255 petition is timely filed as it was handed over to the mail room at Federal Correctional Institute Gilmer on February 15, 2008. This is to support that the mailbox rule establishes that once I serve this petition to prison officials it is timely filed therein." (Dkt. No. 1, at 12.) Although Movant failed to certify the date that the motion was placed in the prison mailing system, he did assert in the motion that it was delivered to the prison mail room on February 15, 2008. (*Id.* at 13-14.) If true, Movant filed his motion within the one-year statute of limitations.

However, even if Movant did not deliver the motion to the prison mail room on February 15, 2008, his motion was filed with the Court on February 21, 2008, which is also within the one-year statute of limitations period. The government contends that the statute

4

of limitations started running on the day of Movant's sentencing hearing, February 16, 2007; however, the Sixth Circuit does not consider a *judgment* final until the time period for appeal expires. *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). Thus, Movant's judgment became final on March 2, 2007, ten business days after judgment was entered, and Movant had until March 2, 2008, to file his § 2255 motion. *See* Fed. R. App. P. 4(b)(1), 26 (amended 2009). Therefore, Movant's motion is not barred by the statute of limitations.

### B. Waiver of Collateral Attack

The Court must next address whether Movant's § 2255 motion is barred by his plea agreement. "A defendant may waive any right in a plea agreement, including a constitutional right, if the waiver is made knowingly and voluntarily." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001). However, a waiver of collateral review may be invalid if it was the product of ineffective assistance of counsel:

> [I]n cases where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel . . . it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself.

*In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007).

In paragraph ten of his plea agreement, Movant agreed to waive the right to challenge his sentence and the manner in which it was determined, either in appeal or in any collateral attack (including a § 2255 motion), in exchange for the concessions made by the United

States Attorney's Office. (File No. 1:06-CR-162, Dkt. No. 19.) At his plea hearing before Magistrate Judge Brenneman, Movant stated under oath that he understood that he was waiving his rights of appeal and collateral attack:

> THE COURT: In addition to that right, after sentencing, you also have the right to come back to this court and file a motion to attack your sentence. And that motion is called a collateral attack or it's sometimes called a 2255 motion, because Section 2255 of the Federal Code, Criminal Code, provides for it, so for shorthand purposes we call it a 2255 motion. Other people call it a petition for writ of habeas corpus, but whatever you call it, it's the same thing. It's a motion you file in this court to bring back to Judge Bell and asking for relief because you think your sentence was improperly imposed, or was improper for some other reason.
>
> So those are the rights that you have under the law, even if you plead guilty.
>
> Now, having said that, you are entering into an agreement here with the prosecutor and you are saying, Mr. Prosecutor, in return for certain concessions you're making, I'm going to make some too. I'm going to give up my right to appeal my sentence to the Sixth Circuit Court of Appeals or in a 2255 motion or a collateral attack back in this court. I want to give up those rights, I will not appeal my sentence either to the higher court or back to you, even if I think it's improper in some way. I'm giving up that right in return for certain concessions you're making. You understand what you're doing?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And you're agreeable to that?
>
> THE DEFENDANT: Yes, sir.

(File No. 1:06-CR-162, Dkt. No. 22, Plea Hr'g Tr. 26-27.) Although it appears that Movant knowingly and voluntarily waived his right to collateral attack, at least one of his claims in his § 2255 motion alleges that the waiver was the product of ineffective assistance of counsel.

6

Movant claims that his counsel failed to properly explain essential elements of the charge and the proper range of sentencing exposure. Movant contends that his counsel explained to him that his final maximum sentencing guidelines range would be between seventy and eighty-seven months, though Movant ultimately received a sentence of 135 months.[1] (Dkt. No. 2, at 6.)

To make out a claim of ineffective assistance of counsel, Movant must show that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced Movant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). A counsel's failure to adequately explain a client's sentencing exposure "may constitute deficient assistance." *Moss v. United States*, 323 F.3d 445, 474 (6th Cir. 2003). *See Magana v. Hofbauer*, 263 F.3d 542, 550 (6th Cir. 2001) (finding that counsel's "complete ignorance of the relevant law under which his client was charged" and "gross misadvice" constituted deficient assistance).

> A criminal defendant has a right to expect at least that his attorney will review the charges with him by explaining the elements necessary for the government to secure a conviction, discuss the evidence as it bears on those elements, and explain the sentencing exposure the defendant will face as a consequence of exercising each of the options available. In a system dominated by sentencing guidelines, we do not see how sentence exposure can be fully explained without completely exploring the ranges of penalties under likely guideline scoring scenarios, given the information available to the defendant and his lawyer at the time.

---

[1] It appears that the lower range of seventy to eighty-seven months reflects a guidelines calculation that does not take into account the higher quantity of drugs after conversion of the seized funds.

7

*Smith v. United States*, 348 F.3d 545, 553 (6th Cir. 2003). With respect to *Strickland*'s prejudice prong, "[i]n the context of an allegedly involuntary guilty plea, prejudice can be demonstrated by showing that 'but for counsel's errors, [the petitioner] would not have pleaded guilty.'" *Anderson v. Carlton Hill*, 150 F. App'x 499, 501 (6th Cir. 2005) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

At his plea hearing, Movant acknowledged that he had spoken to his counsel about the sentencing guidelines, that she had given him an idea of the range of sentences he could face, and that he was accepting the plea agreement with this range in mind:

> THE COURT: I cannot tell you today what the guidelines would be in your case, because they have to be calculated by the probation office when it does a pre-sentence report. However, these guidelines are no secret, they are available to everybody, and your attorney has access to these, and she may have been able to give you an idea of how the guidelines would impact you in this case. Now, she certainly cannot guarantee you that her calculations will be correct, but she may have been able to give you some idea of how they would turn out. Have you talked to your attorney about these guidelines?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: So you understand what I'm talking about?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Was she able to give you some idea of what the guidelines might be in your case?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: So knowing that and knowing the maximum possible penalties for these charges, and knowing the charges themselves, it is your desire to enter a plea of guilty to both of these charges today; is that correct?

THE DEFENDANT: Yes, sir.

(File No. 1:06-CR-162, Dkt. No. 22, Plea Hr'g Tr. 6-7.) Movant reasserts this same information in an affidavit filed with his motion. (Dkt. No. 3.)

Accordingly, the government's motion to dismiss will be denied because Movant's motion was timely filed and because at least one of his claims alleges that his plea was the product of ineffective assistance of counsel. If Movant can demonstrate that his counsel's performance was deficient and that this deficiency prejudiced him, his waiver of the right to collaterally attack his sentence may be invalid. Therefore, in accordance with Rule 4 of the Rules Governing Section 2255 Proceedings, the government will be required to file an answer or other response to the motion.

An order will be entered that is consistent with this opinion.

Dated: June 4, 2010  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE