UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARMELL JAWAN STANLEY,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

File No. 1:08-CV-173

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This matter comes before the Court on Carmell Stanley's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court. For the reasons that follow, this motion will be denied.

### I.

Movant was indicted on July 12, 2006, for: (1) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and (2) possessing with intent to distribute five or more grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). Movant pleaded guilty on October 31, 2006, pursuant to a written plea agreement in which he agreed to waive the right to challenge his sentence, either on appeal or by collateral attack. After taking into account the 15.7 grams of cocaine base Movant possessed and converting $6273 of Movant's money into 62.73 grams of cocaine base, this Court, on February 16, 2007, sentenced Movant to 120 months of incarceration as to Count 1 and 135 months of

incarceration as to Count 2, to be served concurrently. Movant was sentenced to three years of supervised release for Count 1 and four years for Count 2, also to be served concurrently. *United States v. Stanley*, File No. 1:06-CR-162 (W.D. Mich. Feb. 16, 2007). Movant did not appeal his conviction or sentence.

Movant filed his § 2255 motion on February 21, 2008. (Dkt. No. 1.) On March 13, 2008, the government moved to dismiss his motion, claiming both that Movant knowingly and voluntarily waived his right to collateral attack in his plea agreement and that the motion was filed after the statute of limitations had run.[1] (Dkt. No. 6, Mot. to Dismiss.) This Court denied the government's motion to dismiss but also acknowledged that three of Movant's claims were barred by the waiver contained in Movant's plea agreement. (Dkt. Nos. 9, 10.) This Court ordered the government to respond to the remaining claim of ineffective assistance of counsel, to which the government replied on August 2, 2010. (Dkt. Nos. 10, 12.)

Movant claims ineffective assistance of counsel due to Counsel's failure to properly explain essential elements of the charge and the proper range of sentencing exposure. (Dkt. No. 1.) Specifically, Movant asserts that Counsel told him that he would be sentenced to no more than 87 months (Dkt. No. 3) but he was instead sentenced to 135 months based on the

---

[1] The government's statute of limitations argument is meritless. The Sixth Circuit does not consider a judgment final until the time period for appeal expires. *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). Thus, Movant's judgment became final on February 26, 2007, ten days after he was sentenced, and he had until February 26, 2008, to file his § 2255 motion.

2

sentencing range determined by the pre-sentence report. *Stanley*, File No. 1:06-CR-162 (W.D. Mich. Feb. 16, 2007).

## II.

To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual prejudice"; or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of

3

counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

A court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III.

Movant seeks relief based on ineffective assistance of counsel for failure to properly explain essential elements of the charge and the proper range of sentencing exposure. (Dkt. No. 1.) To make out a claim of ineffective assistance of counsel, Movant must show that Counsel's representation fell below an objective standard of reasonableness, and that Counsel's deficient performance prejudiced Movant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

Movant claims that he pled guilty based on his understanding that he would receive "no more than an 87 month sentence." (Dkt. No. 3, Aff. of Carmell Stanley.) He stated that if he had known "he could receive 135[ months] . . . he would have insisted on going to trial." (Dkt. No. 8, Reply to Government Resp.) To show deficient assistance, Movant relies on *Magana v. Hofbauer*, 263 F.3d 542, 550 (6th Cir. 2001), which held that the defense

4

counsel's erroneous advice concerning sentence exposure "fell below an objective standard of reasonableness under prevailing professional norms."

> A criminal defendant has a right to expect at least that his attorney will review the charges with him by explaining the elements necessary for the government to secure a conviction, discuss the evidence as it bears on those elements, and explain the sentencing exposure the defendant will face as a consequence of exercising each of the options available. In a system dominated by sentencing guidelines, we do not see how sentence exposure can be fully explained without completely exploring the ranges of penalties under likely guideline scoring scenarios, given the information available to the defendant and his lawyer at the time.

*Smith v. United States*, 348 F.3d 545, 553 (6th Cir. 2003).

The case at hand can be distinguished from *Magana*. Whereas in *Magana* the defense counsel demonstrated "complete ignorance of the relevant law under which his client was charged" and gave "gross misadvice," in this case Counsel's alleged deficiency is not as extreme. *Id.* at 548. Movant contends that Counsel never told him that the court could convert his money into drugs for sentencing purposes and give him a higher sentence than the estimated range of 70-87 months. (Dkt. No. 2, 8.) The record is unclear as to whether Counsel did communicate the alleged range to Movant or how Counsel arrived at that range. It appears probable that if Counsel did inform Movant of the 70-87 month sentencing range, she did not take into account the possibility of conversion.[2]

---

[2]Pursuant to U.S.S.G. § 2D1.1(c)(7), the offense level for possession of 15.7 grams of cocaine base is 26. As a result of conversion, the base offense level became 32 for possession of 78.43 grams of cocaine base. U.S.S.G. § 2D1.1(c)(4). After a two level enhancement for possession of a firearm (U.S.S.G. § 2D1.1(b)(1)) and a three-level reduction
(continued...)

5

While "[f]amiliarity with the structure and basic content of the Guidelines . . . has become a necessity for counsel who seek to give effective representation," *United States v. Merritt*, 102 F. App'x 303, 308 (4th Cir. 2004) (quoting *United States v. Day*, 969 F.2d 39, 43 (3d Cir. 1992), plea agreements are generally held to be knowing and voluntary notwithstanding "a defense attorney's erroneous calculation and prediction of the sentencing guidelines." *United States v. Hicks*, 4 F.3d 1358, 1363 n. 3 (6th Cir. 1993) (citing *United States v. Stephens*, 906 F.2d 251, 254 (6th Cir. 1990)). Failure of defense counsel to accurately predict a sentence does not constitute defective performance. *See Sullivan v. United States*, 11 F.3d 573 (6th Cir. 1993); *United States v. Khouri,* 169 Fed. App'x. 459 (6th Cir. 2006); *Stephens,* 906 F.2d at 254 (holding that "[t]he fact that the range was . . . estimated incorrectly by his counsel[ ]does not justify withdrawing his plea."). However, the alleged deficiency in this case goes beyond inaccurate prediction. Counsel allegedly did not adequately understand or explain the range of possible sentencing outcomes. (Dkt. No. 1.) If Counsel failed to inform Movant about the possibility of conversion, then Counsel's conduct may have fallen below an objectively reasonable standard. *See Moss v. United States*, 323 F.3d 445, 474 (6th Cir. 2003) (finding that failure to adequately explain a

---

[2](...continued)
for acceptance of responsibility and timely notification of a guilty plea (U.S.S.G. §§ 3E1.1(a) and 3E1.1(b)), the offense level becomes 25 without the conversion and 31 with the conversion. Under criminal history level III, the advisory sentence for offense level 25 is 70-87 months.

defendant's sentencing exposure "may constitute deficient assistance" under certain circumstances) (quoting *Magana,* 263 F.3d at 550).

Nevertheless, Movant fails to show that he was prejudiced by Counsel's performance. To establish prejudice, the Movant must show a reasonable probability that Counsel's errors affected the outcome of the proceeding. *Strickland*, 466 U.S. at 691-96. "In the context of an allegedly involuntary guilty plea, prejudice can be demonstrated by showing that 'but for counsel's errors, [the petitioner] would not have pleaded guilty.'" *Anderson v. Carlton Hill*, 150 F. App'x 499, 501 (6th Cir. 2005) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

In *Magana*, the court determined prejudice based on both the disparity in sentencing, and the defendant's statement that he only went to trial based on the advice of counsel. *Magana*, 263 F.3d at 551; *See United States v. Gordon*, 156 F.3d 376, 381 (2nd Cir. 1998) (stating that the "disparity between the actual maximum sentencing exposure under the Sentencing Guidelines and the sentence exposure represented by defendant's attorney provides sufficient evidence to establish a reasonable probability that the outcome of the proceedings would differ."). Movant submitted an affidavit swearing that he would not have accepted the plea agreement if he had been aware he could face 135 months. (Dkt. No. 8.) He claimed that he had no "understanding that he could possibly receive" more than the 87 months. (Dkt. No. 8, 2.)

Despite Movant's assertions, any misleading information provided to him was "remedied by the plea colloquy." *Boyd v. Yukins*, 9 Fed. App'x 699, 703, 705 (6th Cir.

7

2004).³ Prior to the plea hearing, Movant was given the plea agreement itself, which contained the accurate sentencing range. (File No. 1:06-CR-162, Dkt. No. 19, Plea Agmt.) At the plea colloquy, the court questioned Movant at length to ensure he understood that any predictions or promises that had been made to him do not bind the court. (File No. 1:06-CR-162, Dkt. No. 22, Plea Tr., 4-5.) The court also explicitly told Movant that his counsel "certainly cannot guarantee you that her calculations will be correct." (Plea Tr., 7.) Movant responded that he understood those warnings. (Plea Tr., 19, 28-29.) Even assuming that Counsel provided inaccurate information, "the trial court remedied any misconception by informing [Movant] of the potential maximum and minimum terms of imprisonment." *Boyd*, 99 Fed. App'x at 703. Movant's allegation that he did not know the possible sentencing range is contradicted by the record. Movant was "fully aware that his ultimate sentence under the agreement was subject to later determination by the court based on a variety of factors at the time he entered into it" and therefore Movant was not prejudiced by Counsel's inaccurate estimations. *See Stephens,* 906 F.2d at 254.

The files and records in this case conclusively show that Movant is entitled to no relief under § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, Movant's motion to vacate, set aside, or

---

³*See* Ramos v. Rogers, 170 F.3d 560, 566 (6th Cir. 1999) (stating that "[i]f we were to rely on Ramos's alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statement during the plea colloquy.").

correct his sentence pursuant to 28 U.S.C. § 2255 will be denied and Movant's motion for an order to grant his § 2255 will also be denied.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Upon review of each claim, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong. Accordingly, a certificate of appealability will also be denied as to each claim.

An order and judgment consistent with this opinion shall be entered.


Dated: December 1, 2010 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE